UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00297-JPH-DLP |
| ) | |
| M. MITCHEFF, ) | |
| BYRD, ) | |
| DENNING, ) | |
| K. HOBSON, ) | |
| ALBRIGHT, ) | |
| B. RIGGS, ) | |
| T. WELLINGTON, ) | |
| T. LITTLEJOHN, ) | |
| CORIZON, LLC, ) | |
| WEXFORD OF INDIANA, LLC, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

In this civil rights action brought pursuant to 42 U.S.C. § 1983, plaintiff Robert Lee asserts that beginning in 2013 he sought treatment for a painful hernia. His repeated requests for medical attention to address the hernia and extreme pain were allegedly ignored, mishandled, and delayed in violation of the Eighth Amendment. Dkt. 7 (Screening Order). Mr. Lee now seeks a preliminary injunction. Dkts. 49, 50, 53, 54, & 56. Specifically, he seeks an appointment with Dr. Francis Tapia (an off-site general surgeon) as soon as reasonably possible to treat the reoccurrence of his abdominal hernia. For the reasons explained below, the motion for preliminary injunction, dkt [49], is **denied.**

**I. Standard of Review**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To

1

survive the threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Ill.*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted). The movant must show that: (1) "absent a preliminary injunction, [he] will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "[his] claim has some likelihood of succeeding on the merits." *Id.* Only if the movant meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id*. In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id*.

## II. Factual Background

Mr. Lee has a medical history positive for a number of chronic medical conditions including diabetes, hypertension, hyperlipidemia, gout, psoriasis, gastroesophageal reflux disease and an abdominal hernia. Dkt. 54-1 at ¶ 4.

Mr. Lee was referred and received a surgical consult from general surgeon D. Francis Tapia on December 12, 2018, and returned with a recommendation for abdominal hernia repair surgery. *Id.* at ¶ 5. Prior to surgery, Dr. Tapia allegedly expressed concern regarding whether the surgery would work because the hernia had grown over time. Dkt. 49 at p. 2. In addition, Dr. Byrd noted in the medical records for several years that Mr. Lee is not a strong surgical candidate. This conclusion was based on the fact that Mr. Lee has significant obesity, and the area of skin around the hernia was very thin, which made Dr. Byrd concerned for a significantly high risk of recurrence of the hernia or other complications. Dkt. 54-1 at ¶ 6.

Dr. Tapia surgically repaired Mr. Lee's abdominal hernia on February 14, 2019. *Id.* at ¶ 7. The operative report indicates the surgical correction was successful, with an insertion of mesh to close the opening that allowed for the creation of the hernia. *Id.*

On February 24, 2019, a lump at the surgery site appeared. *Id.* ¶ 8. The lump grew and caused serious and uncontrolled pain. Dkt. 49 at p. 2. Dr. Byrd diagnosed the lump as a hematoma near the area of the surgical site. Dkt. 54-1 at ¶ 8. He reached out to Dr. Tapia and Dr. Tapia recommended warm compresses and antibiotics, indicating that the hematoma should go away on its own. *Id.*

Mr. Lee had a follow-up visit with Dr. Tapia on April 24, 2019. At that time, Dr. Tapia did not indicate any ongoing concerns regarding the surgical site or the hematoma. *Id.* at ¶ 9.

In late 2019, Mr. Lee returned to the health care unit with what appeared to be a recurrence of the hernia near the prior surgical site. *Id.* at ¶ 10. Dr. Byrd was concerned that it could be a recurrence of an umbilical hernia. *Id.*

On January 7, 2020, Dr. Byrd ordered and Mr. Lee received an abdominal ultrasound that returned concerning for a paraumbilical hernia. *Id.* at ¶ 11. The ultrasound specifically noted that there did not appear to be an incarceration or strangulation of bowel. *Id.* According to Mr. Lee, Dr. Altman of Meridian Radiology recommended CT for a more detailed anatomic evaluation. Dkt. 49 at pp. 2-3.

Dr. Byrd testified that on or around January 17, 2020, he had a discussion with Dr. Michael Mitcheff, the Regional Medical Director, regarding treatment options. Dkt. 54-1 at ¶ 12. They agreed that Mr. Lee remains a poor surgical candidate, as his obesity is still extensive, and the area of the surgical site has compromised skin. *Id.* Instead, they have strongly encouraged Mr. Lee to

lose weight, which hopefully will decrease pressure in the affected area, decrease symptomology and make potential future surgical repair a more viable proposition. *Id.* at ¶ 13.

On February 3, 2020, Defendants Hobson and Riggs advised Mr. Lee that the CT was denied and there would be no further treatment. Dkt. 49 at p. 3. Dr. Byrd testified that further surgical intervention for Mr. Lee at this time is very risky and not recommended because it would further compromise his abdominal wall and skin and would open him up to further complications. Dkt. 54-1 at ¶ 14. Dr. Byrd testified that he will continue to monitor Mr. Lee's condition on-site and if there is any evidence that he has an incarcerated or strangulated hernia, or if there is any concern for obstruction of the bowels he will recommend that Mr. Lee be sent off-site for further assessment. Dkt. 54-1 at ¶ 15.

### III. Discussion

As explained below, Mr. Lee has failed to establish his right to injunctive relief. Mr. Lee has not shown that he is likely to succeed on the merits of his claims, that he will suffer irreparable harm if immediate relief is not granted, and that his legal remedies are inadequate.

1. *Likelihood of Success on the Merits*

The defendants argue that Mr. Lee is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits of his claim. Mr. Lee's claim is brought pursuant to 42 U.S.C. § 1983. To state a valid Eighth Amendment claim for inadequate medical care, Mr. Lee must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A deliberate indifference claim is comprised of two elements: one objective and one subjective. *McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). The defendants do not dispute that Mr. Lee suffers from serious medical conditions. However, there is no evidence that Mr. Lee's current medical care

4

providers are deliberately indifferent to his serious medical needs. To demonstrate deliberate indifference to a serious medical judgment a plaintiff must show that medical decisions were "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [they] ... did not base the decision[s] on such a judgment." *Proctor v. Sood*, 863 F.3d 563, 568 (7th Cir. 2017). Mr. Lee's medical providers have determined that he is not a good candidate for further surgical intervention. There is no basis to conclude that this determination is not based on their professional judgment.

Further, Mr. Lee is not entitled to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mr. Lee's treating physician's affidavit reflects that he is actively monitoring Mr. Lee's medical conditions and hernia. Under these circumstances, Mr. Lee has not shown that he is likely to succeed on the merits of the claim.

2. *Irreparable Harm*

"[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). Mr. Lee has failed to establish that he is at risk of suffering irreparable harm if injunctive relief is not granted. Mr. Lee is being monitored and at present his medical providers have determined that he is a poor candidate for further surgical intervention because additional surgery would open him up to further complications.

3. *Inadequate Legal Remedies*:

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously

deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304). Mr. Lee has not shown that his remedy at law would be inadequate. To the contrary, directing further surgical intervention at this time may result in further injury.

Because Mr. Lee did not show, as a threshold matter, that he is entitled to a preliminary injunction, the Court will not move to the balancing phase.

### IV. Conclusion

The motion for expedited medical injunction, dkt [49], is **DENIED.**

**SO ORDERED.**

Date: 7/31/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ROBERT LEE
226365
WABASH VALLEY – CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Michael J. Blinn
INDIANA ATTORNEY GENERAL
michael.blinn@atg.in.gov

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Christopher Andrew Farrington
BLEEKE DILLON CRANDALL ATTORNEYS
drew@bleekedilloncrandall.com

6